IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **Christopher M. Phillips,** | ) | Civil Case No. 2:15-cv-3527-MBS-MGB |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| **Sheriff Bruce Bryant,** | ) | REPORT AND RECOMMENDATION |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

Christopher M. Phillips filed this action pursuant to 42 U.S.C. § 1983. He is a pre-trial detainee, and is proceeding *pro se* and *in forma pauperis* ("IFP"). This matter was referred to the Magistrate Judge for review. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2) (D.S.C.), the United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Judge. Having carefully reviewed the record, the undersigned Magistrate Judge recommends that the complaint be **summarily dismissed** with prejudice, and without service of process, for the following reasons:

I.  Liberal Construction of Pro se Pleadings

Pro se pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir.2003). However, "[t]he 'special judicial solicitude' with which a district court should view ... pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs. for City of Balt.,* 901 F.2d 387, 391 (4th Cir.1990). Giving "liberal construction" does not mean that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim. *United States v. Wilson*, 699 F.3d

789, 797 (4th Cir.2012). "Principles requiring generous construction of pro se complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

II.   Background and Factual Allegations

Plaintiff (booking number 2014-2848) is a detainee at the York County Detention Center in South Carolina. He was arrested on April 21, 2014 and has been criminally charged with "Burning Crops And Other Kind Of Personal Property," Arson 3rd Degree, and "Larceny/Petit or Simple Larceny - $2,000 or less (Enhancement per 16-1-57)."[1] Since his arrest on state charges, plaintiff has filed three actions in this federal court. This court may take judicial notice of those records. *See, e.g., Assa'ad-Faltas v. South Carolina*, 2012 WL 6103204 (D.S.C.), *adopted by* 2012 WL 6106421 (D.S.C.) (J. Wooten) (observing that a court has "the right to take notice of its own files and records").

First, on July 22, 2015, plaintiff filed a document labeled as a petition pursuant to 28 U.S.C. § 2241 (Case No. 2:15-cv-2858-MBS-MGB). He indicated that he is "assigned to the special needs unit maximum security level for mental health observation." In the petition, he claimed that the Sixteenth Circuit Solicitors Office has "seditiously conspired in violation of due process to bring my case before a trial by jury." He made other nonsensical allegations, including that he is married to the entertainer Alicia Keyes and has eight billion dollars in assets. Even liberally construing it, the petition asserted no coherent claims. On August 21, 2015, plaintiff submitted a letter, advising that he "shall serve the full term of my life as a United States Federal Judicial Official presently awaiting a United States Senate Confirmation." He asserts that President George W. Bush, Jr. appointed him in 2008. He signed the letter "Strategically Regulated, Judge Christopher M. Phillips." Plaintiff indicates he has also written reports to

---

[1] See http://www.yorkcountysheriff.com/inmate/default.aspx.

public figures, such as Antonio Scalia, Harry Reid, and Hillary Clinton. The Magistrate Judge filed a Report and Recommendation on September 2, 2014, recommending summary dismissal without prejudice. Plaintiff filed objections, indicating: "I am the recipient of a federal tax joinder, sponsorship, and commercial credits, as the upcoming recording artist to be known as: Christos Keys/ASAR FALASHA RECORDS + DISTRIBUTION….AKA Tammuz. Oprah Winfrey and the …[illegible] Network as under future Contract obligations to confirm the agreement and Challenges face by Alicia and I in a televised special." (Case 2:15-cv-02858-MBS-MGB, DE# 18). He signed the objections as "Christopher M. Phillips, International Accountant, Bank of Switzerland!"

Second, on August 24, 2015, plaintiff filed an action pursuant to 42 U.S.C. § 1983 (Case No. 2:15-cv-3359-MBS-MBG). Plaintiff indicates that he seeks to litigate issues of "negligence of duty/public safety violations/abridgment of privileges." (DE# 1, ¶ IIB). He alleges that the "defendants have failed to render sufficient service checks regarding the maintenance of security operations" which has "resulted in the abridgement of privileges owed by tax break and acts prohibited such as libel, slander, and defamations." (DE# 1, ¶ IV).[2] He alleges the existence of a "seditious conspiracy to interfere in a Seven Year Preliminary Federal Investigation and a Civil Case pending in the 4th Circuit federal Court of Appeals." (*Id*., as in original). He claims he was "fraudulently charged" and "committed to a maximum security special needs unit by the York County Moss Justice Center Classification Committee." (*Id*.). He complains that he has been verbally taunted by other unspecified detainees and believes that "persons have been strategically assigned by the Classification Department and Sr. Detention Center officials seeking to induce Conflicts, Controversies, and entertainment." (*Id*.). For relief, he seeks "a full scale investigation regarding all facts stated!" He asks for monetary damages in the amount of 12 billion dollars

---

[2] Only Sheriff Bryant is named as a defendant.

"FREE AND CLEAR," complete press coverage, "a collateral proceeding to include all land, stock, and real properties," and immediate release from detention. He also asks for a new judge and a trial date in his pending state criminal case. Finally, he asks that the bar against his access to his "Civil Benefits, Federal Benefits, and earned income … be lifted!" (*Id.*).

Third, on September 2, 2015, plaintiff filed the present case pursuant to 42 U.S.C. § 1983, naming Sheriff Bryant as defendant (Case NO. 2:15-cv-3527-MBS-MGB). Plaintiff indicates that he is attempting to litigate issues of "food quality, food quantity/ oppression/ malice/ conditions of confinement." (DE# 1, ¶ IIB). He complains that he has been served some cold meals on Styrofoam trays, that "missing entries such as cake and cookies" have been a "regular occurrence," that he was confined to "lock-up status," that his "acknowledgement as a United States Federal Regulator [federal judge] was mocked" by unidentified persons, that the Sheriff has been "negligent" in "preservation of injury in regards to the proper maintenance and service checks of department functions," and that he was not given a grievance form. (DE# 1, ¶ IV "Statement of Claim"). For relief, he asks for monetary damages of two billion dollars "$2,000,000,000.00 – FREE AND CLEAR," reclassification to the "General Population" in prison, "public reprimand to include a fair trial for the defendant Bruce Bryant and third party defendants listed by title," and "regulation reports submitted to the United States Justice Department, Senate, and Supreme Court are petitioned by request to be admitted as material witness statements." (DE# 1, ¶ V "Relief").

## II.  Relevant Statutory Law

### A. Screening of Pro Se Prisoner Complaints

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this pro se prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the

following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Prison Litigation Reform Act ("PLRA") permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. 28 U.S.C. § 1915(a)(1). To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte "at any time." *Neitzke*, 490 U.S. 319. The PLRA also provides for the screening of complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

B.  The PLRA's 3-strike provision

The PLRA, at 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See McLean v. United States*, 566 F.3d 391 (4th Cir.2009). "[I]f a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed IFP but rather must pay up-front all filing fees

for his subsequent suits." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir.2013), as amended (Oct. 22, 2013). This means that, after receiving three strikes, plaintiff will have to pay the full filing fee for almost any future non-habeas civil action he might wish to file. *Id*. at 610. Plaintiff is warned that if he continues to file pleadings that are frivolous, malicious, or fail to state a claim for which relief may be granted, he risks the accumulation of three strikes against him and the resulting denial of future requests for IFP status, absent exceptional circumstances.

III. Analysis

Plaintiff brings this action under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has sued one defendant -- Sheriff Bruce Bryant -- for the following claims:

Food complaints

First, plaintiff complains that he has been served some cold meals on Styrofoam trays and that "missing entries such as cake and cookies" have been a "regular occurrence." These allegations are not objectively serious enough to rise to the level of a constitutional violation. *See Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir.1997); *Harrison v. Stallings,* 898 F.2d 145, 1990 WL 27233, *2 (4th Cir.) (affirming dismissal of § 1983 action based on prisoner complaint of cold food), *cert. denied*, 498 U.S. 832 (1990). While prison officials must ensure that detainees receive adequate nutrition, *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the plaintiff does not allege that he has missed any meals. *See, e.g, Vitalis v. Sterling*, 2015 WL 3767292 (D.S.C. June 17, 2015) (collecting cases where the alleged deprivation was not objectively serious enough to amount to a constitutional violation of the Eighth Amendment). Plaintiff does not complain of

any significant caloric deprivation. He does not allege any adverse effects due to the allegedly missing "cake and cookies" or due to the temperature or other condition of the food. The United States Supreme Court has explained that:

> Extreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is part of the penalty ... only those deprivations denying the minimal civilized measures of life's necessities are sufficiently grave….

*Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Plaintiff's complaint is frivolous and states no claim for relief.

Being placed in "lock-up"

Second, plaintiff complains that he was placed in "lock-up." Of course, that is the purpose of incarceration (or more precisely here, detention while awaiting trial on criminal charges). Even if plaintiff's allegation is construed as a reference to the emergency jail procedure commonly referred to as "lock-down," his complaint states no claim for relief. Lockdown is generally an appropriate response to a serious security problem at a correctional facility. *See, e.g., United States v. Hager*, 721 F.3d 167, 177 (4th Cir. 2013) (indicating that "a large scale prison fight … resulted in a prison lock down"), *cert. denied*, 134 S.Ct. 1936 (2014); *Lowery v. Bennett*, 492 F.App'x 405, 409 (4th Cir.2012) (observing that lockdown "is uniformly applied to all inmates in the unit causing a disturbance").

To the extent plaintiff asks for "reclassification to the General Population," the Complaint states no facts that would shed any light on such matter. The Eighth Amendment does not require that prisoners "be housed in a manner most pleasing to them, or considered even by most knowledgeable penal authorities to be likely to avoid confrontations, psychological depression, and the like." *Atiyeh v. Capps*, 449 U.S. 1312, 1315-16 (1981). Prisoners have no constitutional right to be held in either protective or minimum custody. *Adams v. Rice*, 40 F.3d

72, 75 (4th Cir.1994), *cert. denied*, 514 U.S. 1022 (1995). After plaintiff made outlandish and fantastical claims, he indicates he was "assigned to the special needs unit maximum security level for mental health observation." Nothing in the complaint suggests any constitutional violation on such basis. *See Allgood v. Morris*, 724 F.2d 1098, 1100 (4th Cir. 1984) (holding that confinement in protective segregation did not violate a prisoner's constitutional rights). To the extent plaintiff is merely complaining that he would have more "privileges" if housed in the general prison population, "the differences in treatment among prisoners in protective segregation and in the general population has a substantial, rational basis in the legitimate state interest of prison security." *Id*.

Although courts must liberally construe pro se complaints, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff fails to plead any relevant facts that would support a plausible claim under § 1983, and thus, his complaint is subject to summary dismissal for "failure to state a claim for relief."

<u>Being "mocked" on one occasion by unidentified persons</u>

Plaintiff further complains that his "acknowledgement as a United States Federal Regulator was mocked" by unidentified persons during booking. While unidentified persons may have been amused at plaintiff's assertion that he is awaiting confirmation as a federal judge, this states no constitutional violation for purposes of § 1983.

Additionally, although plaintiff is suing the Sheriff, plaintiff does not allege that the Sheriff personally took any actions that amounted to a constitutional violation. "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-

official defendant, through the official's own actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. To state a claim, a plaintiff must affirmatively state facts indicating that a defendant acted personally in the deprivation of the plaintiff's constitutional rights. When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See, e.g., Reaves v. Richardson*, 2011 WL 2119318, *6 (D.S.C.). Plaintiff's complaint fails to state any factual allegations indicating that Sheriff Bryant, whether personally or in his official capacity, violated any of plaintiff's constitutional rights. The complaint is frivolous and fails to state a claim for relief.

### Negligent "preservation of injury"

Even with the liberal construction afforded to pro se complaints, the brief allegation that the Sheriff was "negligent" in the "preservation of injury in regards to the proper maintenance and service checks of department functions" is so vague as to be unintelligible. "Negligence, in general, is not actionable under § 1983." *McClurkin v. Byer*, 2013 WL 3746027 (D.S.C.), *aff'd by* 555 Fed.Appx. 277 (4th Cir. 2014). The complaint fails to allege actions by Sheriff Bryant that would amount to any sort of constitutional violation. Although the court liberally construes pro se pleadings, a plaintiff must do more than make conclusory statements to state a claim. *Twombly*, 550 U.S. at 555 ("A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Plaintiff's complaint fails to allege sufficient facts to state a claim.

### No grievance form

Although Phillips briefly alleges that he wanted to complain about "security procedures" and could not obtain a grievance form, this allegation states no cognizable claim under § 1983. The United States Constitution creates "no entitlement to grievance procedures or access to any

such procedure voluntarily established by a state." *Rice*, 40 F.3d at 75; *Daye v. Rubenstein*, 417 F.App'x 317, 319 (4th Cir.2011). A prison official's alleged "failure to comply with the state's grievance procedure is not actionable under § 1983." *Ashann–Ra v. Virginia*, 112 F.Supp.2d 559, 569 (W.D.Va.2000); *Straws v. S.C. Dept. of Corrections,* 2014 WL 8436258, *8 (D.S.C.), *adopted by* 2015 WL 1520271 (D.S.C.), *aff'd by* 2015 WL 5106782 (4th Cir.) (per curiam).

The United States Supreme Court has explained that the "right of access" affords only "the capability of bringing contemplated challenges to sentences or conditions of confinement." *Lewis v. Casey*, 518 U.S. 343, 356 (1996). Plaintiff has already filed three lawsuits during his detention, and no allegations suggest that the detention center officials have in any way obstructed plaintiff's ability to file suit. *See Giarratano v. Johnson*, 521 F.3d 298, 306 (4th Cir.2008). Plaintiff's complaint fails to state a claim for relief under § 1983.

<u>Miscellaneous allegations</u>

Although plaintiff indicates that he wishes to complain generally of "oppression, malice, and conditions of confinement" (DE# 1, ¶ IIB), this allegation is too vague to state any sort of constitutional claim. For the most part, plaintiff's allegations are difficult to follow. His claims are rambling, disconnected, and at times, fantastical. For example, plaintiff (who indicates he is under mental health observation) claims he is married to the entertainer Alicia Keyes, has a contract with Oprah Winfrey for a television special, and is an international accountant with the Bank of Switzerland. To the extent plaintiff makes any coherent complaints about his conditions of confinement, such complaints do not rise to the level of a constitutional violation. Although plaintiff briefly mentions that he had some blood in his stool, he does not complain about his medical care or allege that medical staff was "deliberately indifferent" to any serious medical needs. In fact, he indicates in his complaint that the nurse responded by taking a fecal sample for

medical testing. The Complaint alleges no constitutional violation on such basis. *See Estelle*, 429 U.S. 102; *Farmer*, 511 U.S. at 832. Even liberally construing the pro se plaintiff's claims, the Complaint fails to state a claim for which relief may be granted. The Complaint should therefore, should be summarily dismissed.

<u>No release from custody</u>

Finally, although plaintiff seeks immediate release from detention, such relief is not available in a § 1983 action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release"); *see also, e.g., Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983).

IV.   Recommendation

Accordingly, the Magistrate Judge recommends that the complaint (DE# 1) be **<u>summarily dismissed</u>** with prejudice; as the Complaint in its entirety fails to state a claim for relief, the dismissal of this Complaint counts as a "**<u>strike</u>**" for purposes of 28 U.S.C. § 1915(g).

September 30, 2014  
Charleston, South Carolina

_____  
MARY GORDON BAKER  
UNITED STATES MAGISTRATE JUDGE

Petitioner's attention is directed to the *important notice* on the following page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).